# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-1072

_____

Robert Earl Clayborne, Jr.

*Plaintiff - Appellant*

v.

Tecumseh Department of Corrections, an agency of the State; Scott Franks, Director of the Nebraska Corrections Dept., in his official and individual capacity; Brian Gage, Warden of the Tecumseh Corrections Dept., in his official and individual capacity; Guthrie, Case worker with the Tecumseh Correction Dept., in her official and individual capacity; Tompkins, Case worker with the Tecumseh Corrections Dept., in his official and individual capacity; Keith Broadfoot, Unit Manager, Tecumseh Corrections Department, in his official and individual capacity; Sherman, Unit Administrator, Tecumseh Corrections Department, in his official and individual capacity; Crop, Officer, with the Tecumseh Corrections Dept., in his official and individual capacity.

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: October 13, 2017
Filed: November 1, 2017
[Unpublished]

_____

Before LOKEN, MURPHY, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

In this pro se 42 U.S.C. § 1983 action, Nebraska inmate Robert Clayborne appeals after the district court[1] adversely granted summary judgment, finding defendants were entitled to qualified immunity on Clayborne's claim that they were deliberately indifferent to his needs during a prison riot.

Having carefully reviewed the record, and the parties' arguments on appeal, we conclude that the district court properly granted summary judgment. See Beaulieu v. Ludeman, 690 F.3d 1017, 1024 (8th Cir. 2012) (grant of summary judgment is reviewed de novo, viewing record in light most favorable to nonmovant); see also Pearson v. Callahan, 555 U.S. 223, 232 (2009) (to determine if defendant is entitled to qualified immunity, court must consider whether facts establish violation of constitutional or statutory right, and whether right was so clearly established that reasonable official would have known his actions were unlawful); Nelson v. Corr. Med. Servs., 583 F.3d 522, 528 (8th Cir. 2009) (in cases involving prison riots, wantonness necessary for deliberate indifference is demonstrated by prison officials acting "maliciously and sadistically for the very purpose of causing harm"). Accordingly, the judgment is affirmed, see 8th Cir. R. 47B, and Clayborne's motion for a settlement conference is denied as moot.

———————————————————

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.